UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH HUNT, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. _____<br>)<br>) |
| TURNING POINT SOLUTIONS, LLC;<br>SAM GALBO;<br>GS HOLDINGS, LLC;<br>NICK GALBO; and<br>DOE 1-5 | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Defendants are residents within this District and Defendants engaged in the activities alleged herein while so residing.

1

## PARTIES

3. Plaintiff, Deborah Hunt (hereinafter "Plaintiff" or "Ms. Hunt"), is a natural person residing in Yazoo, MS. Defendant, TURNING POINT SOLUTIONS, LLC, is a limited liability company believed to maintain its principle place of business at 2560 Walden Avenue, Suite 103 in Cheektowaga, NY. Defendant GS HOLDINGS, LLC is believed to be a trade name, fictitious name, or otherwise a subsidiary of TURNING POINT SOLUTIONS, LLC. Defendants SAM GALBO and NICK GALBO are the proprietors and operators of TURNING POINT SOLUTIONS, LLC and GS HOLDINGS, LLC, debt collectors, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. TURNING POINT SOLUTIONS, LLC, SAM GALBO, GS HOLDINGS, LLC, NICK GALBO, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7.  In March of 2013 Defendants began calling Ms. Hunt in an attempt to collect a consumer debt allegedly owed by Ms. Hunt.

8.  At various times, including on April 26, 2013, Defendants left voice mail messages for Ms. Hunt, the content of which is as follows: "This message is solely intended for Deborah Hunt.  My name is [individual's name] and I'm calling from the pre-legal at TPS and Associates.  This call is in regards to a pressing legal matter and I'd like to offer you the opportunity to contact our office to resolve this issue voluntarily.  We can be reached at the phone number 877-645-7986.  When calling, reference case number [number provided].  Deborah, you've been formally notified."

9.  At various times, including on May 14, 2013, Defendants left voice mail message for Ms. Hunt, the content of which is as follows: "This message is intended for Deborah Hunt.  My name is Mark Roberts calling from the legal department here at GS Associates.  Due to your non-compliance and not returning any of the phone calls to our office, we are moving forward against you without your knowledge.  We will begin conducting an asset and liability search against your social security number and file paperwork is being prepared.  You still have an option to contact us at 877-225-7952.  This is in reference to case file number 117543.  If this is an oversight on our behalf, we are now assuming that you have no intent of handling this voluntarily, please contact us immediately.  Once again that number is 877-225-7952.  Thank you and wish you the best of luck."

10. Increasingly concerned about the content of Defendants' messages, Ms. Hunt obtained counsel with Centennial Law Offices.

11. As a direct result of the collection activity herein alleged, Ms. Hunt incurred legal fees of $2,655.00.

3

## CAUSES OF ACTION

### COUNT I

12.     Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) and 1692(e)11 with regards to Plaintiff as follows: In their messages to Plaintiff, Defendants failed to state that the calls were from a collection company and being made in an attempt to collect a debt.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,655.00 for legal costs in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

4.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

### JURY DEMAND

Plaintiff demands a jury trial.

Date:  April 21, 2014

s/Robert Amador

_____

4

5

        ROBERT AMADOR, ESQ.
        Attorney for Plaintiff DEBORAH HUNT
        Centennial Law Offices
        9452 Telephone Rd. 156
        Ventura, CA. 93004
        (888)308-1119 ext. 11
        R.Amador@centenniallawoffices.com